HEATHER E. WILLIAMS, SBN 122664
Federal Defender
NOA OREN, SBN 297100
Assistant Federal Defender
Designated Counsel for Service
801 I Street, 3rd Floor
Sacramento, CA 95814
Telephone: (916) 498-5700
Fax: (916) 498-5710

Attorney for Defendant
JEREMIAH YOUNG

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JEREMIAH YOUNG,<br><br>Defendant. | Case No.  2:18-cr-00068-KJM<br><br>**SENTENCING MEMORANDUM**<br><br>Date:   June 14, 2021<br>Time:   9:00 A.M.<br>Judge:  Hon. Kimberly J. Mueller |

## I.  INTRODUCTION

For the following reasons, Mr. Young respectfully requests a sentence of three years of probation. 18 U.S.C. § 3561(c)(1).

## II.  LEGAL STANDARD

District courts have "wide discretion to decide whether [a person] should be incarcerated and for how long." *Beckles v. United States*, 137 S. Ct. 886, 893 (2017).  The guidelines are one of "several factors" to be considered, but they "do not constrain [the district court's discretion.]" *Id.* at 893-94 (citations omitted). *See also id.* at 896 (rejecting the government's argument that the guidelines are unlike "the other § 3553(a) factors").

## III.  ARGUMENT

**A. The nature and circumstances of this offense do not show Jeremiah exercising any discretion to initiate the illegal dumping; rather Jeremiah followed the orders of his supervisors in the course of his employment.**

The motivations underlying this offense make it different from many environmental

cases. Jeremiah Young committed this crime exclusively in the course of his employment, following the orders of his supervisor, his brother Christopher Young. *See* PSR ¶¶15-16. The conduct referenced at PSR ¶17 also occurred at the direct order of his supervisor. At no time did Jeremiah exercise any discretion over the acts he committed in this case. As noted in PSR ¶74, Jeremiah was a low-level worker with an annual salary of $31,200.

Jeremiah has no history of disrespecting natural resources and the environment and he believed what he was dumping at his supervisor's direction would be cleaned by the waste facility where he was dumping. Jeremiah realizes now how stupid this reasoning was and that it does not excuse this crime. PSR ¶25. Jeremiah did not commit this crime because of greed, unlike the motivation of the owners of the company where he worked who benefitted financially by failing to pay for proper waste disposal but rather he committed this crime in the course of carrying out his duties at the direction of his supervisor. *See* PSR ¶74.

**B. Jeremiah Young's post-offense rehabilitation has been outstanding during very challenging personal circumstances.**

As a low-level worker, who struggled to hold down jobs because of his addiction, it is perhaps unsurprising that Jeremiah found himself in a job where he exercised no discretion and made very little money. *Id*. Mr. Young's family introduced him to drugs at a young age. ¶PSR ¶65. Jeremiah has been dogged by addiction issues for decades, as evidenced in his work, military, and criminal history. PSR ¶¶42-46, 53-54, and 75-78. With the help of Pretrial Services, Mr. Jeremiah Young has overcome a nearly life-long addiction and gotten sober. PSR ¶¶3-5. Jeremiah Young is grateful that the resources of federal pretrial supervision allowed him to change the course of his life in a better direction. PSR ¶26. What is more remarkable is that despite relapsing once while on pretrial supervision, Jeremiah picked himself up and continued working on his sobriety. PSR ¶4-5. This commitment to his sobriety has sustained him during the pandemic when Mr. Young's marriage fell apart. PSR ¶¶63-64. Despite having nearly no support left, without his brother and his marriage, he has continued to maintain his sobriety. He plans to move and live near his mother and stepfather in Sweetwater, Oregon after his case concludes. PSR ¶64. In Oregon, he can continue his work to stay sober with the support of his

mother, who has also been 15 years sober.  Jeremiah Young and his mother are very close and she is the only support he has at this point.

### C. Three years of probation, plus the many other consequences this prosecution has wrought, constitute just punishment and adequately address the seriousness of the offense.

The Court must consider "mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines."  18 U.S.C. § 3553(b).  In this case, Jeremiah Young was struggling with a horrendous addiction problem and executed all of the illegal acts at the direction of his supervisor.  Not a single person from the board of this company is facing a day in jail.

The circumstances of this prosecution have already inflicted other forms of punishment on Jeremiah as well.  *See, e.g.*, *United States v. Diambrosio*, 2008 WL 732031, at *3-*5 (E.D. Penn. Mar. 13, 2008) (sentencing defendant to probation plus one year home confinement, despite "intentionally defrauding [the victim] of approximately $2.8 million" in part because the defendant had already been punished by life circumstances since initiation of the prosecution, including loss of relationships).  Jeremiah Young has suffered a loss of his relationship with his brother turned co-defendant in this case.  There was a time when his brother was the only person Mr. Young could obtain employment from, given his addiction issues and his inability to work as a truck driver.  However, since this case began, Jeremiah has heeded the court's order to stay away from his brother.  This has been a painful process, but Jeremiah now understands that it is best for him given his brother's role in this offense.

A sentence of three years' probation adequately addresses the seriousness of Jeremiah Young's offense and the need for just punishment, because his supervisors and the owners of the company, who benefitted from the illegal dumping, are the ones who should bear the brunt of punishment in this case under the principles of *respondeat superior*.

### D. The greatest deterrence and protection of the community will come from permitting Jeremiah Young to maintain sobriety.

As noted above, Jeremiah committed this crime in the course of following his employer's orders at a time when Jeremiah was in the throes of addiction.  Allowing Mr. Young to continue

working on his sobriety will have the most effective long-term deterrent impact on him and provide the greatest safety to the community. It is also just punishment given his role within the company.

**E. Probation will allow Jeremiah Young to continue with the beneficial correctional treatment he started on pretrial supervision.**

Since this prosecution began, Mr. Young has built the means and attitude required to be a law abiding and productive member of society. His actions over the past three years show this development. Jeremiah is confronting his addiction and engaging in moral reconation therapy (MRT). He has readily admitted his offense to this Court without minimizing his culpability or the severity of his crime. PSR ¶25. Probation, as opposed to a custodial term, will let the Court monitor how Jeremiah maintains his sobriety by continuing regular drug testing so that this Court, through Mr. Young's probation officer, may ensure that his sobriety is continuing. A term of probation also means that should Jeremiah revert to his addiction while on probation, he will be subject to imposition of the original range of imprisonment (as opposed to the Ch. 7 range), to be followed by a longer term of supervision, thus giving the Court a layered sentencing approach.

## IV.  CONCLUSION

Based on the section 3553(a) factors, a sentence of three years' probation is appropriate in this case. Such a sentence will serve the purposes of sentencing to take into account the history and characteristics of this defendant, the nature, circumstances, and seriousness of his offense, the need to provide just punishment that is no greater than necessary, the need for continued correctional treatment, and the need to protect the public.

Date: June 3, 2021                                    Respectfully submitted,

                                                      HEATHER E. WILLIAMS
                                                      Federal Defender

                                                      /s/ Noa Oren
                                                      NOA OREN
                                                      Assistant Federal Defender
                                                      Attorney for Defendant
                                                      JEREMIAH YOUNG