1  PHILLIP A. TALBERT
   Acting United States Attorney
2  PAUL HEMESATH
   PHILIP A. SCARBOROUGH
3  Assistant United States Attorneys
   501 I Street, Suite 10-100
4  Sacramento, CA 95814
   Telephone: (916) 554-2700
5  Facsimile: (916) 554-2900

6

7  Attorneys for Plaintiff
   United States of America

8

9                    IN THE UNITED STATES DISTRICT COURT

10                      EASTERN DISTRICT OF CALIFORNIA

11

12 | UNITED STATES OF AMERICA,          CASE NO. 2:18-CR-068 KJM

                    Plaintiff,          SENTENCING MEMORANDUM FOR JEREMIAH
13                                      YOUNG
            v.
14                                      DATE: June 14, 2020
   JEREMIAH YOUNG,                      TIME: 9:00 a.m.
15                                      COURT: Hon. Kimberly J. Mueller
                    Defendant.
16

17

18      The government asks that the Court sentence Jeremiah Young as the United States Probation

19 Office recommends—to 12 months of imprisonment. That sentence is at the low-end of the applicable

20 Guidelines, and it properly accounts for Young's culpability in this serious environmental matter.

21      The Court should not vary downward from the PSR's recommendation because a sentence below

22 the Guidelines would not fairly reflect the seriousness of the offense, and it would necessarily ignore the

23 nature and circumstances underlying Young's conduct.

24      Young's conduct in this case was not a one-time event. The factual basis sets forth at least

25 twelve instances in which Young knowingly tampered with or rendered inaccurate waste monitoring

26 equipment that was intended to monitor the contaminant levels and volume of wastewater being dumped

27 into the public sewer system. *See* Factual Basis at A-2. He also caused a discharge of industrial

28 wastewater on at least one instance that was only discovered because regulators conducted a surprise

inspection on that night.  This continuous conduct occurring over at least seven months shows that Young's acts were not single acts of bad judgment—he had time and experience to consider his actions but nonetheless repeated the violations.  Furthermore, when confronted with the violations, Young lied to investigators.  *See* Factual Basis at A-2.

Young's place as a mere participant in this environmental crime is fully accounted for in the United States Probation Officer's determination to recommend a departure for minor rule under §3B1.2(b) and a low-end sentence.[1]  Without the minor-role adjustment, Young would face a Guidelines range of 15-18 months of imprisonment.  In this case, a sentence of 12 months—resulting in part from the adjustment—is fair and not greater than necessary in this case.

Given the long-term nature of this offense and its environmental impact, the Court should consider and cite to the nature and circumstances of the offense, the need for the sentence to reflect the seriousness of the offense, and the need to afford adequate deterrence for this criminal conduct as Section 3553(a) factors that do not allow a variance below the low-end of the Guidelines in this case.

Jeremiah Young committed various acts of environmental crime over a long period of time, and then he lied about it.  His behavior cannot be excused away by pointing to others that were more culpable than him.  The Sentencing Guidelines provide a fair method of distinguishing between leaders, managers, participants, and minor players.  Young has benefited from a minor-role determination—no additional adjustment is warranted in this case.  A within-the-guidelines-sentence is a fair result, and it makes clear that environmental crimes should be punished, even if someone is just following the direction of others to pollute public waters.

Dated:  June 3, 2021

PHILLIP A. TALBERT
Acting United States Attorney

/s/ PAUL HEMESATH
PAUL HEMESATH
Assistant United States Attorney

---

[1] The plea agreement does not contemplate a minor role adjustment for Young, but the government does not object to application of §3B1.2(b).